**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIANE L. KAUFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-334 |
| | ) | Judge Stephanie L. Haines |
| SUPERINTENDENT DAVID CLOSE *et al.*, | ) | Magistrate Judge Kezia O.L. Taylor |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

Presently before the Court is a counseled Amended Complaint in Civil Action (ECF No. 21) pursuant to 42 U.S.C. § 1983 filed by Diane L. Kauffman ("Plaintiff") individually and as Administratrix of the Estate of Lance W. Heverly ("Heverly"), deceased. Plaintiff is Heverly's mother. She asserts that while Heverly was incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale") his civil rights were violated by corrections staff in ways that culminated in Heverly's death by suicide. She states that corrections officers retaliated against Heverly, denied him meals and psychological health care, ignored suicidal warnings, and dismissed fellow inmate's pleas for help. Plaintiff brings claims under the Eighth Amendment for deliberate indifference, denial of access to medical care, and supervisory liability. She also brings claims of wrongful death and survival under 42 Pa. C.S.A. § 8301.

Named Defendants are: Correctional Officers Morris, Becker, Titus, Conklin, Kephart, Dearmitt, and Love, Superintendent Close,[1] LPC Gracey-Yohn, PSS Fetsko, LP Bresnahan, and John and Jane Does 1-10, and Jack and Jill Roes 1-10 (collectively "Defendants").[2] Defendants

[1] Collectively referred to as "Corrections Defendants".
[2] Though this Court knows that not all claims are plead against all Defendants, for ease of reference the Court will refer to the collective Defendants unless it is otherwise necessary to be more specific.

moved to Dismiss the Amended Complaint and provided a supporting Brief (ECF Nos. 22, 23). Plaintiff filed a Brief in Opposition (ECF No. 24). The fully briefed Motion to Dismiss was referred to Magistrate Judge Kezia Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On August 10, 2026, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 25) recommending that the Motion to Dismiss (ECF No. 22) be granted in part and denied in part. She found all Plaintiff's claims to be plausible except she recommended dismissal without prejudice of Plaintiff's deliberate indifference claim asserted in Count I. *See* ECF No. 25, pp. 14-18. The Parties were advised that they had fourteen days to file written objections and if objections were filed another fourteen days to respond to such objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff filed timely Objections (ECF No. 26) on August 24, 2026, stating she had asserted sufficient facts under the law to support the deliberate indifference claim. Defendants did not respond to the Objections, and the time to do so has expired.

This Court finds that Magistrate Judge Taylor fully and thoroughly reviewed the facts and the law of this case and agrees with all unobjected to findings of Judge Taylor. This Court finds Plaintiff's Objections (ECF No. 26) compelling. The law for evaluating deliberate indifference claims in a suicide case is as follows:

> [B]ecause the case involved a prison suicide, the 'vulnerability to suicide' legal framework applied and required the Palakovics to establish that: '(1) the detainee had a 'particular vulnerability to suicide,' (2) the custodial officer or officers knew or should have known of that vulnerability, and (3) those officers 'acted with reckless indifference' to the detainee's particular vulnerability.

*Palakovic v. Wetzel*, 854 F.3d 209, 218 (3d Cir. 2017).

The Magistrate Judge found that Plaintiff did not assert a plausible claim because the facts

did not show Heverly to have a particular vulnerability to suicide,[3] and also found that Plaintiff failed to plead sufficient facts to show anything greater than negligence by Defendants. Finally, Judge Taylor stated that Defendants' actions fell short of deliberate indifference.

Plaintiff states the numerous requests Heverly made for psychological appointments in a short time preceding his death,[4] and the statement made to the Corrections Defendants that he was going to "hang it up" and covering his cell window are clear indications of a vulnerability to suicide. This Court must examine more closely what it means to have a particular vulnerability to suicide.

> We observed that an individual's particular vulnerability to suicide 'speaks to the degree of risk inherent in the detainee's condition.' [*Colburn v. Upper Darby Tp.*, 946 F.2d 1023, 1024 93d Cir. 1991)]. That degree of risk must be a 'strong likelihood, rather than a mere possibility, that self-inflicted harm will occur.' *Id.* (citations omitted). We explained that a detainee's 'strong likelihood' of suicide 'must be so obvious that a lay person would easily recognize the necessity for preventative action.' *Id.* at 1025 (citing *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

*Palakovic v. Wetzel*, 854 F.3d 209, 222 (3d Cir. 2017). This Court finds Heverly's words and actions were clearly indicative of a "strong likelihood" of imminent self-harm. The fact that he screamed to the Corrections Defendants that he was "hanging it up" and covered his window in the presence of the officers is proof of Correction's Defendants' knowledge of Heverly's vulnerability to suicide. In addition, the other inmates were yelling to the corrections officers for help. A lay person would recognize such a scenario would call for preventive action.

Finally, the facts provide that these significant warning signs were ignored by Corrections Defendants. This is undeniably true because no one entered Heverly's cell until after he was

---

[3] Once it is determined that there was no particular vulnerability the claim must fail in any event.
[4] This alone (as well as the single suicidal ideation in Heverly's history mentioned by Judge Taylor) would not be enough.

spotted unresponsive with a ligature around his neck. This Court is persuaded that the facts asserted present a plausible claim of deliberate indifference.

Upon review of the record and the Report and Recommendation (ECF No. 25) pursuant to Local Civil Rule 72.D.2, the Court will accept in part the findings and recommendations of Magistrate Judge Taylor in this matter.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 30th day of September, 2026, IT IS ORDERED that the Motion Dismiss (ECF No. 22) hereby is DENIED; and,

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 25) is adopted in part as the Opinion of the Court; and,

IT IS FURTHER ORDDERED that Plaintiff's Objections (ECF No. 26) are sustained; and

IT IS FURTHER ORDERED that this case is returned to the jurisdiction of the Magistrate Judge for further proceedings.

Stephanie L. Haines
United States District Judge